NOT DESIGNATED FOR PUBLICATION

Nos. 116,928
116,929

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KRISTEN CARINE PRICE,
*Appellant*.


MEMORANDUM OPINION


Appeal from Ford District Court; E. LEIGH HOOD, judge. Opinion filed September 1, 2017. Affirmed.


Submitted for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).


Before HILL, P.J., ATCHESON and SCHROEDER, JJ.


PER CURIAM: Kristen Carine Price appeals the revocation of her probation and imposition of her underlying sentences in case Nos. 14CR365 and 15CR151. This court granted Price's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). The State did not respond. Finding no error, we affirm.


In January 2015, Price pled no contest in case No. 14CR365 to possession of hydromorphone. The district court sentenced Price to 15 months' imprisonment and then placed her on 18 months' probation. In November 2015, Price pled guilty in case No.

1

15CR151 to possession of methamphetamine. The district court sentenced Price to 18 months' imprisonment and then placed her on 18 months' probation.

On March 18, 2016, at a probation revocation hearing, Price admitted to multiple probation violations in case No. 14CR365. The district court extended Price's probation for18 months. The State did not move to revoke her probation in case No. 15CR151.

Later, the State moved to revoke her probation in both cases, alleging Price failed to meet with her probation officer, failed to maintain employment, continued using drugs, and was unsuccessfully discharged from outpatient substance abuse treatment. On October 6, 2016, the State filed a motion for imposition of her underlying sentences because Price's welfare would not be served by continued probation. The district court held a probation revocation hearing in both cases. Price admitted to the probation violations but requested reinstatement of probation. The district court revoked Price's probation, stating:

> "In your particular case, it strikes me that everybody, including the Court, the probation department, the County Attorney's Office, your attorneys off and on have worked, you know, wonders to try to keep you out of the situation you find yourself in today. We have literally done everything that we have available to help you walk down that road. I don't see anything more we can do on probation, anything that this—any intermediate sanction would do to really convince me that it's going to promote your reformation and it's going to be good for you and/or the community. So quite honestly, the outcome I have left with is to grant the request imposed by—or requested by the State. And, Ms. Price, this is not an easy decision for me to make. It never is. But I don't feel like we have any other options.
>
> I'm going to order you to serve your underlying sentences. We are revoking probation in both cases."

At the State's request, the district court also adopted the facts in Price's probation officer's affidavit as additional findings. Also per the State's request, the district court

found the conviction in case No. 15CR151 was for possession of methamphetamine. Price appealed.

Unless otherwise required by law, probation is a privilege, not a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). A district court's decision to revoke probation involves two steps. The district court must first determine whether the probationer has violated a condition of probation, and if a probation violation occurred, the district court must determine whether the violation warrants revocation of probation. *State v. Skolaut*, 286 Kan. 219, 227, 182 P.3d 1231 (2008).

A district court's decision to revoke probation will not be overturned absent an abuse of discretion. 286 Kan. at 227. A district court abuses its discretion if its judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). The party asserting the trial court abused its discretion bears the burden of showing an abuse of discretion. *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997, *rev. denied* 302 Kan. 1015 (2015). Upon revoking probation, a district court may impose the underlying sentence in lieu of an intermediate sanction if the court finds the welfare of the defendant will not be served by an intermediate sanction.

Price continued using methamphetamine multiple times while on probation. She did not complete her outpatient substance abuse treatment. The district court found an intermediate sanction would not benefit her reformation or prevent further violations of her probation. The decision to revoke Price's probation was not arbitrary, fanciful, or unreasonable. It was not based on an error of fact or an error of law. Price has not shown the district court abused its discretion when it imposed her underlying sentences.

Affirmed.